Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D., as Assignee of St. Jean, Rodney, Appellant,
against
GEICO Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Rivkin Radler, LLP (Cheryl F. Korman, Henry Mascia and Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered October 26, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by vacating so much thereof as granted the branch of defendant's cross motion seeking summary judgment dismissing the first cause of action; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a new determination of that branch of defendant's cross motion.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Defendant sought summary judgment upon the first cause action on the ground that the services were not medically necessary and sought summary judgment upon the second cause of action on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). By order entered October 26, 2015, the Civil Court denied plaintiff's motion, and [*2]granted defendant's cross motion on the ground that plaintiff had failed to appear for duly scheduled EUOs.
For the reasons stated in Gentlecare Ambulatory Anesthesia Servs. etc., as Assignee of Saint-Louis, Lydia v GEICO Ins. Co. (__ Misc 3d ___, 2018 NY Slip Op _____ [appeal No. 2015-1996 K C], decided herewith), so much of the order as granted the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action is affirmed. However, the Civil Court erred in dismissing the first cause of action, as defendant sought to dismiss that cause of action on the ground of lack of medical necessity, not a failure to appear for EUOs. As the Civil Court did not address the merits of defendant's lack of medical necessity defense, the matter is remitted to the Civil Court for a new determination of that branch of defendant's cross motion.
Accordingly, the order is modified by vacating so much thereof as granted the branch of defendant's cross motion seeking summary judgment dismissing the first cause of action, and the matter is remitted to the Civil Court for a new determination of that branch of defendant's cross motion.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 08, 2018